JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Ryan Gartrell | Berkadia Commercial Mortgage LLC |

**(b)** County of Residence of First Listed Plaintiff  Allegheny County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 462 Naturalization Application | | |
| | 555 Prison Condition | 465 Other Immigration Actions | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq.; 42 U.S.C. § 1981; 29 U.S.C. § 2601, et seq.; 43 P.S. § 951, et seq.
Brief description of cause:
Plaintiff was discriminated because of his sex, race and national origin.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  8/5/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ryan Gartrell | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Berkadia Commercial Mortgage LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 8/5/2026 | | Plaintiff, Ryan Gartrell |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | Orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Ambler, PA 19002 _____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                           Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?          Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?               Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ ____ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ ____ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RYAN GARTRELL**<br>1255 Satellite Circle<br>Pittsburgh, PA 15241<br><br>                            *Plaintiff,*<br><br>                    v.<br><br>**BERKADIA COMMERCIAL<br>MORTGAGE LLC**<br>323 Norristown Road, Suite 300<br>Ambler, PA 19002<br><br>                            *Defendant.* | CIVIL ACTION NO. _____<br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

## I.      INTRODUCTION

Plaintiff, Ryan Gartrell ("Plaintiff"), brings this action against his former employer, Berkadia Commercial Mortgage LLC ("Defendant"), for discriminating against him based upon his sex (male), his race (white), and his national origin (United States), and for retaliating against him and interfering with his rights after he disclosed that he would be taking a paternity leave of absence protected by the Family and Medical Leave Act.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment and terminating his employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff seeks all damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.    Plaintiff, Ryan Gartrell, is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Pittsburgh, PA.

2.    Plaintiff is white.

3.    Plaintiff's national origin is United States ("American").

4.    Plaintiff is male.

5.    Defendant Berkadia Commercial Mortgage LLC is a limited liability company that is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6.    Defendant maintains a location at 323 Norristown Road, Suite 300, Ambler, PA 19002.

7.    Plaintiff worked remotely for Defendant from a home in Pittsburgh, Pennsylvania.

8.    When Plaintiff provided notice of his intent to take FMLA leave, Plaintiff had been employed by Defendant for at least twelve (12) months and had worked at least twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

9.    At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10.    At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

11.     At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III.     <u>JURISDICTION AND VENUE</u>

12.     The causes of action which form the basis of this matter arise under Title VII, Section 1981, the FMLA, and the PHRA.

13.     This Court has jurisdiction over Count I (Title VII), Count II (Section 1981), and Count III (FMLA) pursuant to 28 U.S.C. § 1331.

14.     This Court has supplemental jurisdiction over Count IV (PHRA) pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events, decisions, actions, and/or omissions giving rise to these claims occurred within this District.

16.     On or about December 18, 2024, Plaintiff filed a Complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein. That Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency Complaint (with personal identifying information redacted).

17.     On or about June 3, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency Complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    FACTUAL ALLEGATIONS

19.    Plaintiff was hired by Defendant on or about May 1, 2022.

20.    Plaintiff consistently performed his job duties in a highly competent manner and received positive feedback.

21.    Plaintiff last held the position of Product Manager.

22.    On January 22, 2024, Plaintiff was promoted from Marketing Technology Manager to Product Manager.

23.    On January 22, 2024, Plaintiff began reporting to Madan Chaukulkar (male, Indian), Vice President, Digital Product Management.

24.    Chaukulkar reported to Eglae Recchia (female, Hispanic), Chief Product Officer.

25.    Recchia reported to Damodaram Bashyam (male, Indian), Chief Information and Innovation Officer.

26.    In May 2024, in a meeting with Chaukulkar, Plaintiff stated that his wife was pregnant and that he would be taking an FMLA paternity leave of absence starting on September 13, 2024.

27.    Throughout 2024, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than his peers.

28.    Chaukulkar circumvented Plaintiff related to the performance of his job duties.

29.    Chaukulkar met with Plaintiff's team, without Plaintiff, and stated that two (2) of Plaintiff's projects would be pushed back.

30.    When Plaintiff asked Chaukulkar about his conversation with Plaintiff's team, during which he stated that two (2) of Plaintiff's projects would be pushed back, Chaukulkar stated that it would be better this way because Plaintiff would be out on paternity leave.

4

31.     Chaukulkar instructed Plaintiff not to contact stakeholders in connection with projects that were part of his job duties and responsibilities.

32.     On July 10, 2024, in a message to Kiera Wilson (female, black), Human Resources, Plaintiff stated that his wife was pregnant and that he would be taking an FMLA paternity leave of absence starting on September 13, 2024.

33.     On July 12, 2024, Chaukulkar instructed Plaintiff to prepare and provide him with an eighteen (18) month project roadmap. Plaintiff had never previously been asked to prepare or provide such a roadmap.

34.     On July 15, 2024, in a meeting with Wilson and another Human Resources representative, Plaintiff discussed his upcoming FMLA paternity leave and the documents that he needed to complete and submit in connection with the same.

35.     In late July 2024, Smriti Goenka (female, Indian) was promoted from Product Manager to Senior Product Manager.

36.     On August 5, 2024, in a meeting with Chaukulkar and Sneha Joseph (female, Indian), Director, People and Business Partner, Defendant terminated Plaintiff's employment, effective immediately.

37.     The stated reason by Defendant for Plaintiff's termination was an alleged position elimination due to restructuring and lack of work.

38.     Plaintiff was told that his termination had nothing to do with his performance.

39.     Plaintiff was the only employee reporting to Chaukulkar who was terminated on August 5, 2024.

40.     At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, were directly reporting to Chaukulkar:

a. Smriti Goenka (female, Indian), Senior Product Manager;

b. Nikhila Karlapalem (female, Indian), Product Owner;

c. Suyash Thite (male, Indian), Product Manager; and

d. Anivesh Minipuri (male, Indian), Agile Project Manager.

41. Defendant retained all the other employees who were directly reporting to Chaukulkar.

42. Defendant retained Plaintiff's direct report, Lorenzo Gutierrez (male, Hispanic), Product Analyst.

43. Plaintiff had no disciplinary or performance issues throughout his employment.

44. Before Plaintiff disclosed his anticipated FMLA paternity leave, Plaintiff had no indication that his job was in jeopardy.

45. The discriminatory and retaliatory conduct of Defendant as alleged herein was sufficiently severe and/or pervasive to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

46. Plaintiff's race, his national origin, and his gender were each substantial, motivating, and/or determinative factors in Defendants' discriminatory and retaliatory treatment of him, including subjecting him to a hostile work environment and terminating his employment.

47. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this

time.

## COUNT I - TITLE VII

48.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

49.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

50.    Said violations were done with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

51.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

52.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

53.    No previous application has been made for the relief requested herein.

## COUNT II - SECTION 1981

54.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

55.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Section 1981.

56.    Said violations were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

57.     As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.

58.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

59.     No previous application has been made for the relief requested herein.

### COUNT III - FMLA

60.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

61.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the FMLA.

62.     As a result of Defendant terminating Plaintiff shortly after, and because, he exercised his FMLA rights, Defendant violated the FMLA.

63.     Plaintiff's exercise of his FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's conduct toward Plaintiff, including terminating Plaintiff's employment.

64.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

65.     Defendant's violations of the FMLA warrant the imposition of liquidated damages.

66.     As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## COUNT IV - PHRA

69.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination, Defendant has violated the PHRA.

71.     Said violations were intentional and willful.

72.     As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

74.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

9

(b)     declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(d)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(g)     awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(i)     awarding liquidated damages to Plaintiff under the FMLA;

(j)     awarding punitive damages to Plaintiff under Title VII and Section 1981;

(k)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the FMLA and the PHRA;

(l)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

10

(m)   granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By:   */s/ Daniel S. Orlow*
      DANIEL S. ORLOW, ESQ.
      1525 Locust Street, 9th Floor
      Philadelphia, PA 19102
      Phone: (215) 545-7676
      orlow@consolelaw.com

Dated: August 5, 2026          *Attorneys for Plaintiff*

11

# Exhibit 1



Received

DEC 1 9 2024

PA Human Relations Commission Philadelphia

## COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE
## PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

COMPLAINANT:

**RYAN GARTRELL**

v.

RESPONDENT:

**BERKADIA COMMERCIAL MORTGAGE LLC**

Docket No. 202401159

1. The Complainant herein is:

   Name:      Ryan Gartrell

   Address:   <span>redacted</span>
              Pittsburgh, PA 15241

2. The Respondent herein is:

   Name:      Berkadia Commercial Mortgage LLC

   Address:   323 Norristown Road #300
              Ambler, PA 19002

3. I, Ryan Gartrell, the Complainant herein, allege that I was subjected to unlawful discrimination because of my race (white), national origin (United States), and my sex (male), as set forth below.

### Discrimination and Retaliation

#### A. I specifically allege:

[1]      I was hired by Respondent on or about May 1, 2022.

[2]  I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]  I last held the position of Product Manager.

[4]  I last reported to Madan Chaukulkar (male, Indian), Vice President, Digital Product Management.  Chaukulkar reported to Eglae Recchia (female, Hispanic), Chief Product Officer.  Recchia reported to Damodaram Bashyam (male, Indian), Chief Information and Innovation Officer.

[5]  On January 22, 2024, I was promoted from Marketing Technology Manager to Product Manager.

[6]  On January 22, 2024, I began reporting to Chaukulkar.

[7]  In May 2024, in a meeting with Chaukulkar, I stated that my wife was pregnant and that I would be taking an FMLA paternity leave of absence starting on September 13, 2024.

[8]  After I disclosed my anticipated FMLA paternity leave, I was treated differently and worse, and in a more hostile and dismissive manner, than female and/or non-United States citizen employees and/or white employees and/or employees who were not anticipating paternity leave were treated.

[9]  Chaukulkar circumvented me.

[10]  Chaukulkar met with my team, without me, and stated that two (2) of my projects would be pushed back.

[11]  When I asked Chaukulkar about his conversation with my team, during which he stated that two (2) of my projects would be pushed back, he stated that it would be better this way because I would be out on paternity leave.

[12]     Chaukulkar instructed me not to contact stakeholders in connection with projects that were part of my job duties and responsibilities.

[13]     On July 10, 2024, in a message to Kiera Wilson (female, black), Human Resources, I stated that my wife was pregnant and that I would be taking an FMLA paternity leave of absence starting on September 13, 2024.

[14]     On July 12, 2024, Chaukulkar instructed me to prepare and provide him with an eighteen (18) month project roadmap. I had never previously been asked to prepare or provide such a roadmap.

[15]     On July 15, 2024, in a meeting with Wilson and _____ (female), Human Resources, we discussed my upcoming FMLA paternity leave and the documents that I needed to complete and submit in connection with the same.

[16]     In late July 2024, Smriti Goenka (female, Indian) was promoted from Product Manager to Senior Product Manager.

[17]     On August 5, 2024, in a meeting with Chaukulkar and Sneha Joseph (female, Indian), Director, People and Business Partner, Respondent terminated my employment, effective immediately. The stated reason for my termination was position elimination due to restructuring and lack of work. I was told that my termination had nothing to do with my performance.

[18]     I was the only employee reporting to Chaukulkar who was terminated on August 5, 2024.

[19]     Respondent offered no explanation, including the selection criteria, as to why I was terminated and female and/or non-United States citizens and/or nonwhite employees and/or employees who were not anticipating paternity leave were retained.

[20]     Respondent terminated my employment because of my sex and/or my national origin and/or my race and/or my anticipated paternity leave.

[21]     Respondent subjected me to a hostile work environment because of my sex and/or my national origin and/or my race and/or my anticipated paternity leave.

[22]     Respondent failed to remedy or prevent the sex, national origin, and race discrimination against me.

[23]     I had no opportunity to remain employed with Respondent.

[24]     Respondent failed to transfer me to or select me for any open position for which I was qualified.

[25]     I was the only employee reporting to Chaukulkar.

[26]     I was the only white employee reporting to Chaukulkar.

[27]     I was the only employee reporting to Chaukulkar who was anticipating paternity leave.

[28]     At the time of my termination, the following employees, in addition to me, were directly reporting to Chaukulkar. I was more qualified for each of these employee's positions.

    a.   Smriti Goenka (female, Indian), Senior Product Manager;

    b.   Nikhila Karlapalem (female, Indian), Product Owner;

    c.   Suyash Thite (male, Indian), Product Manager;

    d.   Anivesh Minipuri (male, Indian), Agile Project Manager.

[29]     Respondent retained all the other employees who were directly reporting to Chaukulkar—each of whom was female, not a United States citizen, not white, and/or not anticipating paternity leave.

[30] Respondent retained my direct report, Lorenzo Gutierrez (male, Hispanic), Product Analyst.

[31] Respondent retained female and/or non-United States citizens and/or nonwhite employees and/or employees who were not anticipating paternity leave in positions for which I was more qualified.

[32] Respondent assigned my job duties to non-United States citizens and/or nonwhite and/or female employees and/or employees who were not anticipating paternity leave. I was more qualified to perform my job duties, with more service time at Respondent, than the non-United States citizen and/or female and/or nonwhite employees and/or employees who were not anticipating paternity leave to whom Respondent assigned my job duties.

[33] I had no disciplinary or performance issues throughout my employment.

[34] Respondent's comments and conduct evidence a bias against United States citizen and/or white and/or female employees and/or employees who were anticipating paternity leave.

[35] Respondent's national origin, race, and sex discrimination against me has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (male), my race (white), and my national origin (United States), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

4. The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

_X_      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

**744, as amended) Section 5 Subsection(s):  _(a)_**

_____      Section 5.1 Subsection(s) _____

_____      Section 5.2 Subsection(s) _____

_____      Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

_X_      **This charge will be referred to the EEOC for the purpose of dual filing.**

6.      The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

12-18-24

(Date Signed)

*Ryan Gartrell*

(Signature)     Ryan Gartrell

redacted

Pittsburgh, PA 15241

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website:  www.eeoc.gov

## <u>NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)</u>

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 6/3/2026

**To:**   Ryan Gartrell
redacted
Pittsburgh, PA 15241

Charge No:  17F-2025-60237
EEOC Representative and email:      State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  6/3/2026
Karen McDonough
Deputy District Director

cc:      For Respondent                              For Charging Party
        Jean Donohue Esq.                           Daniel S Orlow Esq.
        Polsinelli PC                               Console Mattiacci Law, LLC
        1717 Arch Street, Suite 2800                1525 Locust Street, 9th Floor
        Philadelphia, PA 19103                      Philadelphia, PA 19102

Please retain this notice for your records.